UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jamal Deulon Swain,

           Plaintiff,

                              Case No. 5:21-cv-12724

v.

                              Judith E. Levy
Jackson County,              United States District Judge

           Respondents.

_____/

## ORDER OF DISMISSAL

      Petitioner Jamal Deulon Swain, a probationer confined at the Jackson County Jail, recently filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. (ECF No. 1.) The habeas petition challenges Petitioner's confinement in jail while the Jackson County Circuit Court decides how to handle a charge that Petitioner violated the terms of probation. Because the matter is pending in state court, federal habeas corpus relief is premature. Accordingly, the Court is dismissing the petition without prejudice.

**I. Background**

      Petitioner alleges that, although he has been in custody since August 3, 2021, for allegedly violating the terms of probation, he has not

been served with any papers and no bond has been set. (*Id.* at PageID.1–2.) He further alleges that the Jackson County Circuit Court has not presented any evidence of a probation violation and that the county court has postponed his probation violation hearing four times. (*Id.* at PageID.5.)

Exhibits to the habeas petition indicate that hearings were set for August 10, 2021 (*id.* at PageID.19), August 24, 2021 (*id.* at PageID.18), September 28, 2021 (*id.* at PageID.16), and November 5, 2021 (*id.* at PageID.15). As of the date of the habeas petition (November 15, 2021), the next hearing date was scheduled for December 12, 2021. (*Id.* at PageID.7.) Petitioner seeks release from custody on the ground that his constitutional right to due process has been violated. (*Id.* at PageID.14.)

## II. Discussion

In *Younger v. Harris,* 401 U.S. 37 (1971), "the Supreme Court held that absent 'bad faith, harassment or any other unusual circumstance,' federal-court abstention is appropriate where a plaintiff invokes federal jurisdiction as a basis for obtaining injunctive relief against state-court criminal proceedings." *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (citing *Younger*, 401 U.S. at 53–54). This doctrine "reflects a strong

policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." *Moore v. Sims*, 442 U.S. 415, 423 (1979).

So long as the litigant's claims "can be determined in the state proceedings and so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

> There are three requirements for proper invocation of *Younger* abstention: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges."

*Squire*, 469 F.3d at 555 (quoting *Sun Ref. & Mktg. Co. v. Brennan,* 921 F.2d 635, 639 (6th Cir. 1990)). All three *Younger* factors are present here.

First, Petitioner's criminal matter was pending in state court when he filed this habeas petition. Second, his criminal case implicates an important state interest, "as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to

3

interfere." *Leveye v. Metro. Pub. Defender's Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger,* 401 U.S. at 43–45).

Third, Plaintiff has an adequate opportunity to raise his constitutional claim in the state criminal proceedings, and "[m]inimal respect for the state processes . . . precludes any *presumption* that the state courts will not safeguard federal constitutional rights." *Middlesex Cty.*, 457 U.S. at 431 (emphasis in original). As the Supreme Court pointed out in *Moore,* "abstention is appropriate unless state law clearly bars the interposition of the constitutional claims." 442 U.S. at 425–26. "[T]he burden on this point rests on the federal plaintiff to show 'that state procedural law barred presentation of [his] claims.'" *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 14 (1987) (quoting *Moore,* 442 U.S. at 432).

Petitioner has not shown that under state law, he is barred from raising his due process claim in state court. He also has not shown that some other extraordinary circumstance would make abstention inappropriate in his case. There may be legitimate reasons for postponing his probation violation hearing, and nothing in the habeas petition or the attached exhibits shows that the state court is acting in bad faith or is trying to harass Petitioner.

4

## III. Conclusion

*Younger* abstention is appropriate here because Petitioner is the target of an ongoing state action involving important state interests, and he may not interfere with the pending state action by maintaining a parallel federal action involving claims that can be raised in state court. *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006). *Id.* This Court, therefore, has the option of either dismissing the case without prejudice or holding the case in abeyance. *Id*. at 866.

> In exercising this discretion, a district court should look to the nature of the state proceedings and consider whether a litigant will be able to address his federal claim on the merits in the state court proceeding. The court should also consider whether there are any statute of limitations issues should the case be dismissed and the limitations clock continue to run.

*Id.*

Petitioner can address his federal due process claim in state court, and the federal statute of limitations for his habeas petition will not begin to run until the state trial court rules on the charge against Petitioner and Petitioner exhausts his remedies in the state's appellate courts or the time for seeking such review expires if Petitioner does not appeal the state trial court's decision. Dismissal, therefore, is a better option than holding the case in abeyance.

Accordingly, the habeas petition is summarily dismissed without prejudice pursuant to *Younger*.

The Court also declines to issue a certificate of appealability because Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In addition, reasonable jurists would not find it debatable whether the Court's procedural ruling is correct and whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Finally, the Court denies leave to appeal this decision *in forma pauperis* because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated: April 11, 2023　　　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 11, 2023.

　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　Case Manager